**Willie Mamie JOHNSON,
Plaintiff–Appellant,**

v.

**LOCKHEED MARTIN ENERGY SYS-
TEMS, INC.; Metropolitan Life Insur-
ance Company, Defendants–Appellees.**

**Gabriel A. Ojeda, M.D.; Stephanie
King, R.N., Defendants.**

No. 01–5442.

United States Court of Appeals,
Sixth Circuit.

Jan. 28, 2002.

Before KENNEDY and DAUGHTREY,
Circuit Judges; BELL, District Judge.*

*ORDER*

Willie Mamie Johnson, a Tennessee resident proceeding pro se, appeals a district court order dismissing her civil complaint filed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Johnson has filed a motion for oral argument. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Johnson filed suit against her employer, Lockheed Martin Energy Systems, and Metropolitan Life Insurance Company ("MetLife"), asserting, among other things, that the defendants wrongfully terminated her disability benefits on September 30, 1998, when they determined that she was physically capable of performing the duties of her job. The district court granted summary judgment to the defendants and found that the plan administrator, MetLife, had not acted in an arbitrary and capricious manner by denying benefits to Johnson. In addition, the district court determined that Johnson should reimburse MetLife $10,321.87 for overpayment of benefits paid to her after she received Social Security Disability Insurance benefits. However, the court reserved ruling on these matters until after Johnson filed an appropriate financial affidavit. Johnson filed a notice of appeal from the district court's order on March 26, 2001. Thereafter, in a final order filed March 28, 2001, the district court concluded, based on Johnson's sealed financial affidavit, that an award of $10,321.87 in MetLife's favor could require Johnson to seek protection from the bankruptcy court, a result which "would not be conducive to promoting any sort of equitable result envisioned by ERISA." The court denied the defendants' motion for summary judgment on their counterclaim.

Subsequently, the defendants' filed a motion to alter and amend the judgment contending that the court's final judgment may have failed to consider a contingent asset of Johnson's, *i.e.,* a state court medical malpractice claim seeking $2,500,000 that Johnson had filed against the defendants. The district court agreed with the defendants and entered an order amending the March 28, 2001, order to reflect the court's intention to retain jurisdiction over

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

this case during the pendency of the state court medical malpractice case so that if Johnson obtained a judgment against one or more of the defendants for an amount up to an including $10,321.87, then the court could properly award that amount to MetLife.

The district court was ultimately provided with a certified copy of an order dated July 5, 2001, whereby the Knox County Circuit Court dismissed Johnson's medical malpractice claim. Thereafter, the court denied the defendants' motion to alter and amend the March 28, 2001, order after determining that Johnson had not obtained a judgment sufficient to pay the defendants' counterclaim. The defendants do not appeal the decision denying their counterclaim.

Initially, we note that this court has jurisdiction over this appeal as Johnson's premature notice of appeal is sufficient to vest the court with jurisdiction over the district court's final judgment. *See Gillis v. United States Dep't of Health & Human Servs.*, 759 F.2d 565, 568–69 (6th Cir.1985).

Upon de novo review, we affirm the district court's grant of summary judgment to the defendant for the reasons stated in the district court's opinion. *See* Fed.R.Civ.P. 56(c). The denial of benefits was not arbitrary and capricious based upon the evidence of record. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Davis v. Ky. Fin. Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989).

Accordingly, the motion for oral argument is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.